IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:26-cv-60400

NINGBO ZHENHAI KEYDA MAGNET CO.,
LTD d/b/a SMUKMAGNET,

    Plaintiffs,

v.

MINZHI LIN a/k/a MERTCAN ATLAN HUSEYIN,

    Defendant.

## COMPLAINT

Plaintiff Ningbo Zhenhai Keyda Magnet Co., Ltd d/b/a Smukmagnet ( "Plaintiff") sue defendant Minzhi Lin a/k/a Mertcan Atlan Huseyin ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff Ningbo Zhenhai Keyda Magnet Co., Ltd is a limited company organized and existing under the laws of China located and doing business at Unit 1, Building 9, Huixin Small and Micro Enterprise Park, No.188 Haida Road, Luotuo Sub-district, Zhenhai District, Ningbo, Zhejiang, China 315202. Plaintiff operates an Amazon store under the name of Smukmagnet.

2. Defendant is an individual who is a citizen and resident of China. Upon information and belief, Defendant has used the name "Mertcan Atlan Huseyin" in carrying out the scheme at issue herein.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4. This Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(2) because Defendant is not subject to jurisdiction in any state's courts of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws. See, e.g. JFXD TRX ACQ LLC v. E. River JW Inc., No. 2:24-cv-00594-JNW, 2025 U.S. Dist. LEXIS 3920, at *3-8 (W.D. Wash. Jan. 8, 2025) (determining personal jurisdiction exists and holding that the relevant forum for minimum contacts test is the "entire nation" – not a single state).

5. Alternatively, this Court has personal jurisdiction over Defendant pursuant to Fla. Stat. §§ 48.193(1)(a)(2) because it committed a tortious act within this state, and the exercise of personal jurisdiction over it would not offend traditional notices of fair play and substantial justice.

6. Venue properly lies in this district pursuant to 28 U.S.C. § 1391.

## FACTS

6. Plaintiff owns one or more e-commerce stores selling products through third-party retailers such as www.amazon.com.

7. Among the various products sold by Plaintiff are packs of magnetic hooks, examples of which are displayed below:









8. Plaintiff has been selling these types of magnetic hooks products continuously since 2020 and has been tremendously successful in doing so on multiple online platforms, including www.amazon.com.

9. On May 9, 2023, the United States Patent and Trademark Office ("USPTO") issued design patent number US D985,374 S to Plaintiff with respect to the subject design. A true and correct copy of the design patent number US D985,374 S is attached hereto as Exhibit "A."

10. Displayed below are screenshots of the designs for patent number US D985,374 S:



6.      On October 3, 2023, the USPTO issued another design patent (no. US D1,000,259 S) to Plaintiff with respect to a substantially similar design. A true and correct copy of the design patent number US D1,000,259 S is attached hereto as Exhibit "B."

7.      Displayed below are screenshots of the designs for patent number US D1,000,259 S:





8. Both design patents (patent number S D985,374 S and US D1,000,259 S) are owned by Plaintiff. Notably, the design patents specifically describe the foregoing as the design for metal hooks (i.e., the products being sold by Plaintiff).

9. Amazon.com assigns a unique Amazon Standard Identification Number ("ASIN") to each product sold on its platform. Here, the specific ASIN affected/removed as a result of Defendant's infringement notice is ASIN: B0FNCM1678 under which Plaintiff successfully sold the metal hooks aforementioned.

10. On December 2, 2025, the United States Patent and Trademark Office issued a trademark to Defendant (Reg No. 8,051,746) under Class 6 (which includes metal structures such as the metal hooks being sold by Plaintiff):



11. Defendant submitted the application for such trademark on April 28, 2025. In such application, Defendant represented to the United States Patent and Trademark Office that the first use in commerce of such design was April 23, 2025:



12. In the application, Defendant represented (under penalty of perjury/imprisonment)

that such was the first use in commerce and that Defendant was not aware of any other existing uses at the time of the application. These representations were false as Defendant was well-aware of Plaintiff's numerous, obvious, and well-established uses of the design from which Defendant apparently copied.

13. On or about December 26, 2025, Plaintiff received a notice from www.amazon.com noting that Amazon.com LLC had received an infringement notice from 'Mertcan Atlan Huseyin' ("Huseyin") alleging that Plaintiff's metal hooks products infringe on Huseyin's intellectual property rights under Trademark Registration No. 8,051,746 (which, according to the USPTO's website, is solely owned by Defendant and not by any 'Huseyin'). Upon information and belief, Defendant fraudulently acted as Huseyin in order to submit a trademark infringement complaint and prompt Amazon to take down Plaintiff's product. A true and correct copy of the Amazon.com Notice is attached hereto as Exhibit "C."

Hello,

Some items you sold on Amazon.com have been suspended due to a trademark infringement report. Check the following for details about the affected items and next steps.

ASIN: B0FNCM1678

Why does this happen?
We are taking this action after receiving a report from rights holders that the images or text on your product detail page may infringe their trademarks.

----------------------
Rights owner: Mertcan Atlan Hüseyin
Contact email: eric.anderson.m@proton.me
Infringement type: Trademark – Product Packaging
Trademark: The mark consists of a circular-shaped base comprising a neck and a hook at the end of the neck.
Trademark number: 8051746
----------------------

14. As such, Amazon.com LLC has removed Plaintiff's product listing under ASIN:

B0FNCM1678 as purportedly infringing on the foregoing trademark, causing Plaintiff to suffer substantial damages.

15. All conditions precedent to this action have been performed or have been waived.

## COUNT I: DECLARATORY JUDGMENT
## OF INVALIDITY AND UNENFORCEABILITY

16. Plaintiff re-alleges and incorporates paragraphs 1 through 15 as set forth above.

17. This is a claim for declaratory judgment arising under the Declaratory Judgment Act, 28 U.S.C. § 2201.

18. Defendant purports to own the rights in and to a trademark with US Registration Number 8051746, which consists of the following illustration:



19. Any rights which Defendant may have had in the above-referenced trademark is invalid and unenforceable due to Defendant's commission of fraud before the USPTO. As stated above, the statements under oath on Defendant's application were false and Defendant knew the statements to be false when made.

20. The aforementioned false statements were material in that the USPTO would not have accepted any declarations without the false statements.

21. Accordingly, Plaintiff is entitled to a declaratory judgment that Defendant's above-

referenced trademark is invalid and unenforceable as a result of Defendant's fraud before the USPTO.

22. An actual and justiciable controversy exists between Plaintiff and Defendant with respect to the alleged infringement by Plaintiff of the foregoing trademark as alleged by Defendant. Accordingly, declaratory relief is both appropriate and necessary to establish that said purported trademark rights of Defendant is invalid and unenforceable against Plaintiff.

**WHEREFORE**, Plaintiff requests that the Court declare that the trademark with US Registration Number 8051746 is invalid and unenforceable due to the commission of fraud before the USPTO. Plaintiffs further request that the Court award Plaintiff its costs and reasonable attorneys' fees incurred in prosecuting this action pursuant to 15 U.S.C. § 1117.

**COUNT II: CANCELLATION OF U.S. TRADEMARK NO. 8051746**

23. Plaintiff re-alleges and incorporates paragraphs 1 through 15 as set forth above.

24. This is a claim for cancellation of U.S. Trademark Registration No. 8051746 arising under 15 U.S.C. § 1064.

25. Defendant submitted a declaration to the USPTO stating that the subject trademark was used in commerce in relation to the design/sale of metal hooks products beginning on April 23, 2025, and that Defendant knew of no other existing use of the subject mark as of that date in relation to the same business.

26. Those statements were false because Defendant knew (at the time he submitted the subject trademark application) that Plaintiff was using the subject mark at the time.

27. Defendant knew his statements to the USPTO were false when made.

28. Said false statements were made with the intention to induce the USPTO to issue the registration for the subject trademark and, relying upon said false statements, the USPTO did

in fact place the registration on the Principal Register.

29. In view of the foregoing, Registration No. 8051746 is subject to cancellation because it was obtained fraudulently.

30. Plaintiff has been and will continue to be damaged by the maintenance of Registration No. 8051746 on the Principal Register because the ownership of the mark has been asserted as grounds for Defendant's unfounded claims of trademark infringement. The registration has likewise caused consumer confusion and lost sales/business for Plaintiff, which was the first user of the subject mark.

**WHEREFORE**, Plaintiff requests that the Court enter judgment against Defendant and issue an Order directing the USPTO to cancel U.S. Trademark Registration No. 8051746 under 15 U.S.C. § 1064 on the basis that said registration was obtained through the commission of fraud.

### COUNT III: FRAUDULENT PROCUREMENT OF REGISTRATION UNDER 15 U.S.C. § 1120

31. Plaintiff re-allege and incorporates paragraphs 1 through 15 as set forth above.

32. Defendant's submission of false declarations to the USPTO constituted procurement of a registration by a false or fraudulent declaration or representation, in violation of 15 U.S.C. § 1120. Defendant's fraudulent conduct caused the USPTO to issue the following U.S. Trademark No.: 8051746.

33. Plaintiff has been damaged by the submission of false and fraudulent declarations by at least the following: (a) loss of sales and business due to Defendant's fraudulent infringement notice to Amazon.com LLC; (b) loss of consumer goodwill through dilution of Plaintiff's pre-existing mark; and (c) fees and costs incurred in this lawsuit.

34. Defendant's false and fraudulent representations to the USPTO have caused irreparable harm, monetary damage, and injury to Plaintiff, the full amount of which will be

established at trial of this matter.

**WHEREFORE**, Plaintiff requests judgment against Defendant, for compensatory, special, and punitive damages, prejudgment interest, an award of costs, and such other relief as the Court deems just and proper.

### COUNT IV: COMMON LAW TRADEMARK INFRINGEMENT

35. Plaintiff re-alleges and incorporates paragraphs 1 through 15 as set forth above.

36. Plaintiff is the owner of valid and enforceable marks that are used in commerce with respect to their business, namely the above-referenced designs utilized for their metal hooks products.

37. Plaintiff was the first entity to use the subject design and has continuously operated using such designs since 2020.

38. Defendant, knowing that Plaintiff was actively using the subject mark, began using substantially identical marks in 2025, the use of which is likely to cause confusion and has, in fact, caused confusion.

39. As a direct and proximate result of Defendant's tortious conduct, Plaintiff has incurred substantial damages, the full amount of which will be established at trial of this matter.

**WHEREFORE**, Plaintiff requests judgment against Defendant, for compensatory, special, and punitive damages, prejudgment interest, an award of costs, and such other relief as the Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff hereby requests a jury trial on all issues so triable.

|  |  |
|---|---|
| Dated: February 12, 2026. | COPYCAT LEGAL PLLC<br>3111 N. University Drive<br>Suite 301<br>Coral Springs, FL 33065<br>Telephone: (877) 437-6228<br>dan@copycatlegal.com<br>talia@copycatlegal.com<br><br>By: /s/ Talia Manreza<br>    Talia Manreza, Esq.<br>    Daniel DeSouza, Esq. |